## SETTLEMENT AGREEMENT, WAIVER, AND GENERAL RELEASE

This Settlement Agreement, Waiver, and General Release (hereafter "Agreement") is made by and between Tara Applebaum (hereinafter "Plaintiff") and Salerno Road Retail, LLC, a Florida limited liability company d/b/a 7-Eleven Store #34772, and Sebastian Sarapura, its current and former owner, shareholder, partner, officer, director, management staff, administrator, agent, employee, predecessor, and successor (hereinafter "Defendants").

## RECITALS

WHEREAS, Plaintiff and Defendants, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff;

NOW, THEREFORE, in consideration of the foregoing, and the premises, mutual promises and agreements set out herein, Plaintiff and Defendants agree as follows:

In consideration of the execution of this Settlement Agreement, Waiver, and General Release, and for the final dismissal with prejudice of all Counts of Case No. 18-cv-14217-Rosenberg/Magistrate Maynard, *Applebaum v. Salerno Road Retail and Sebastian Sarapura,* filed in the United States District Court, Southern District of Florida, Defendants will pay the total amount of Nine Thousand Three Hundred Dollars and 00/100 ($9,300.00) ("Settlement Amount") to resolve Plaintiff's alleged back wages, liquidated damages, attorney's fees and costs.

1. This Agreement is conditioned on being approved by Judge Rosenberg of the U.S. District Court, Southern District of Florida. Promptly upon execution of this Agreement, the parties will jointly submit to Judge Rosenberg a motion to approve the parties' settlement. If Judge

Rosenberg declines to approve the settlement, the parties will commit their best efforts to conform the Agreement in order to obtain Judge Rosenberg's approval. No payment provided in the recital paragraph or paragraph 2 shall be delivered to the Plaintiff until the parties' settlement has been approved by Judge Rosenberg.

2. This Settlement Amount will be paid as follows:

(a) One check made payable to Tara Applebaum for back wages in the amount of Three Thousand Dollars and No Cents ($3,000.00), minus all applicable taxes and deductions as required by law. Defendants will issue IRS form W-2 to Plaintiff for all amounts she received for back wages;

(b) One check made payable to Tara Applebaum for liquidated damages in the amount of Three Thousand Dollars and No Cents ($3,000.00). Defendants will issue an IRS form 1099 to Plaintiff for all amounts he received for liquidated damages.; and

(c) One check made payable to BOBER & BOBER, P.A., for Plaintiff's attorneys' fees and costs in the amount of Three Thousand Three Hundred Dollars and No Cents ($3,300.00), Defendants will issue IRS forms 1099 to BOBER & BOBER, P.A. for the full amount of this check.

3. Within fourteen (14)calendar days of the court's approval of this Agreement, Defendants shall deliver the Settlement Amount to Plaintiff's attorney, Bober & Bober, P.A., 1930 Tyler Street, Hollywood, Florida 33021. Time is of the essence. In the event Defendants fail to timely deliver the Settlement Sum to Plaintiff's attorney, Defendants shall have a period of two-business days to cure from the date Defendants' counsel, Arthur Schofield, receives notice of such default via email and fax from Plaintiff's counsel. The notice of default shall be emailed and faxed to counsel for Defendants at: aschofield@flalabor.com and (561) 655-5447. In the event Defendants fail to timely cure said default after receiving notice, Plaintiff may file an unopposed motion re-open the case and for entry of a default final judgment against Defendants in the amount of $16,000.00 less any monies paid under this Agreement.

4. Plaintiff represents and warrants that she is the only individual with an interest in the subject matter of the allegations against Defendants; that she has the sole right and exclusive authority to execute this Agreement; and that she has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement.

5. Plaintiff further agrees that in accepting payment in consideration for this Agreement, that such payment is tendered and accepted to resolve all of Plaintiff's issues, regardless of whether alleged and that this shall not be construed as an admission by Defendants of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether federal, state or local. Plaintiff further acknowledges that she does not claim to be a prevailing party in this proceeding.

6. In the event that either party brings an action for breach of the provisions of this Agreement, the prevailing party shall be entitled to recover the damages suffered by the non-breaching party as a result of the violation and reasonable fees and expenses of its counsel.

7. Plaintiff hereby releases and forever discharges Defendants from, and covenants never to sue with respect to, any and all claims, demands, damages, actions, causes of action, or lawsuits of any kind or nature whatsoever, whether in law or equity, known or unknown, matured or unmatured, asserted or unasserted, suspected or unsuspected, including, but not limited to any claims, rights or demands arising out of any oral or written contractual relationship, and any rights, claims, or demands pertinent to any local, state or federal regulation or law, including but not limited to common law or statutory claims of any kind whatsoever, negligence claims, tort claims, claims under the Fair Labor Standards Act, the Florida Wage Payment statute, Title VII of the

Civil Rights Act of 1964, as amended, the Employee Retirement Income Security Act, the Americans with Disabilities Act (ADA), the Florida Civil Rights Act, the Age Discrimination in Employment Act (ADEA), the Older Workers' Benefit Protection Act (OWBPA), the Family and Medical Leave Act (FMLA), the Florida Constitution, and any other federal or Florida anti-discrimination or anti-retaliation laws, Florida tort laws, or any other law, statute, regulation or rule, or for any consequential claims or damages, expenses incurred, litigation expenses, court costs, attorney's fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory, liquidated or punitive, which Plaintiff may have had or may now or hereafter have or raise, from the beginning of time until the date of execution of this Agreement.

8. In exchange for Plaintiff entering into this Agreement and for the other consideration herein, the Defendants release Plaintiff from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that the Defendants once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to the Defendants from the beginning of the world to the date this Agreement is executed. This Release is not intended to and does not release Plaintiff from any obligation she has under this Agreement.

9. Plaintiff agrees that she will not seek employment in any capacity with Defendants or any company related to Defendants in the future, and that Defendants have no obligation to rehire her and that Defendants' failure or refusal to hire her shall not be deemed retaliation.

10. Defendants agree in response to reference inquiries concerning Plaintiff to provide a neutral reference limited to her dates of employment and her position, and will provide a neutral reference on company letterhead indicating dates of employment and positions held, within 4 days

after this Agreement is approved by the U.S. District Court. Reference requests are to be addressed to Sebastian Sarapura.

11. Plaintiff and Defendants agree that they will not take any action or make any statements including, but not limited to, derogatory statements, that would harm one another's reputation and/or present and/or future business relationships, except as required by law. In this regard, Plaintiff and Defendants agree that they will not encourage, promote, support or endorse anyone else to take such action or make such statements.

12. Plaintiff agrees that she shall be solely liable for any and all employee, but not employer, taxes which may be due as a result of the consideration received from the settlement of disputed claims as set forth in this Agreement, specifically with regard to paragraph 2, above, except those that are owed by her attorney. Plaintiff further agrees to indemnify and hold harmless Defendants and Defendants' counsel relating to the failure of Plaintiff to pay any employee, but not employer, taxes or penalties owed on the proceeds paid in connection with this Agreement.

13. Except as noted in paragraph 2, the parties agree that they will be separately responsible for their respective attorneys' fees and costs, if any.

14. The parties will request that the Court retain jurisdiction to enforce this Agreement.

15. The parties agree that the terms of this Agreement shall be construed in accordance with the applicable federal laws and the laws of the State of Florida and that the exclusive venue for any legal issues that arise out of this matter is Palm Beach County, Florida.

16. This Agreement shall not be assignable or transferable by Plaintiff.

17. This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of the lawsuit and the other subject matters addressed herein between

the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof. This is an integrated document.

18. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or application of this Agreement and to this end the provisions of this Agreement are declared severable.

19. This Agreement cannot be modified except in writing.

20. TARA APPLEBAUM ACKNOWLEDGES, AGREES, AND UNDERSTANDS THAT THIS RELEASE IS A FULL AND FINAL BAR TO ANY AND ALL CLAIMS OF ANY TYPE, KNOWN OR UNKNOWN, THAT SHE HAD, HAS, OR MAY NOW HAVE AGAINST DEFENDANTS UP THROUGH THE EFFECTIVE DATE OF THIS AGREEMENT. TARA APPLEBAUM AGREES THAT THE PAYMENT AND MONIES SHE IS RECEIVING UNDER THIS AGREEMENT FULLY COMPENSATE FOR ANY WAGES ALLEGEDLY DUE HER FROM DEFENDANTS, ATTORNEY'S FEES AND COSTS, AS WELL AS FOR THE CLAIMS SHE IS WAIVING IN THIS AGREEMENT. TARA APPLEBAUM FURTHER ACKNOWLEDGES THAT SHE HAS NO OTHER PAYMENTS OR MONIES DUE TO HER OF ANY KIND FROM DEFENDANTS.

IN WITNESS WHEREOF this Agreement which constitutes a total of 7 pages including the signature page.

_____*Tara R. Applebaum*_____
**TARA APPLEBAUM**

**SALERNO ROAD RETAIL, LLC**

By:_____

Title:_____MGR_____

_____
**SEBASTIAN SARAPURA, Individually**